Newport Country Club
vs.            Eq. No. 2185
Jeremiah K. Sullivan

October 27, 1928.

BLODGETT, J. Bill in equity to restrain respondent from erecting and maintaining a sewer upon land of respondent abutting upon land of complainant.

Upon the land of complainant a golf course of 18 holes has been laid out. This land abuts upon land of respondent and at the boundary is low for some distance north. Into this low section of complainant's land is drained the water from a considerable surface area.

Through the land of respondent for fifty years or more there has existed an open ditch leading to the ocean. This ditch leads back to land of complainant and has served as the only

means for draining the same. At the outlet this ditch extends under the ocean driveway. To prevent the ocean tides backing into this ditch the respondent has constructed a culvert provided with a thirty-inch pipe and a trap to hold back the tidewater. This culvert has been accepted by complainant as satisfactory. On his own land respondent has caused to be placed in this ditch for 590 feet in a northerly direction a sewer pipe 18 inches in diameter and proposes to connect with this a sewer pipe 15 inches in diameter to the boundary of complainant's land. That is, respondent is attempting to establish a sewer system consisting of the pipes in question laid in the ditch in place of the open ditch. Complainant bases his claim for relief upon two propositions:

(1) That respondent, under the deeds by which he has title, must maintain this open ditch;

(2) That if respondent has the right to replace such ditch by a system of sewer pipes, in such case the system he has partly constructed and is attempting to complete is insufficient to drain complainant's land in as satisfactory a manner as the present open ditch.

Both of the parcels of land in question originally belonged to Mary Augusta King. That now held by complainant was conveyed by her to Havemeyer & Taylor, October 5, 1892. In this deed appears the following clause:

"It is understood and hereby covenanted and agreed by this grantor that she shall and her heirs and assigns shall keep an open outlet for the drainage of the granted premises from the south boundary thereof to the Sea, and shall permit the grantees or those who may have title to the granted premises to make and maintain a sewer through said outlet for surface and sewerage drainage at any and all times hereafter; and the said grantor for herself and for those who may have her remaining neighboring land reserves the right to construct and maintain at any and all times through the valley of the granted premises a drain or sewer for the carrying off from her said remaining lands, house and surface drainage and for the carrying off of surface drainage within the water shed in which the said granted premises are granted, which drain if constructed may be used by the occupants of the granted premises."

The land of respondent came into his possession by mesne conveyances from Mary Augusta King. That respondent took same subject to this easement appears by the following clause in his deed:

"That they are free from all incumbrances except the easements therein which were created in and by a certain deed from Mary Augusta King to Theodore A. Havemeyer and Henry A. C. Taylor, dated October 5th, 1893, and recorded in Volume 66 of the Land Evidence of said City of Newport, at pages 464 et seq."

Complainant claims that this open ditch upon respondent's land constitutes an easement which it is entitled to enjoy in its present form.

The Court has carefully examined the citations contained in complainant's brief. Most of them are based upon the principle that where a right of way has been established such right cannot be changed as to location without the consent of the holder of the easement. An examination of the easement created leads the Court to the conclusion that the language is broad enough to permit the construction of a competent sewer system, a system that will drain land of complainant as fully as the present open ditch. No attempt has been made by respondent to vary the location of the proposed

sewer system from the lines of the present open ditch.

As to the second proposition, the complainant has introduced testimony of a number of witnesses, among them civil engineers and men who have been employed by complainant in the care of the land in question and who have observed the effect upon the draining of land of complainant before the attempt of respondent to construct a sewer system, and after the same was partly laid.

Without attempting to analyze the testimony of the various witnesses both for complainant and respondent, whose testimony was not only heard by the Court, but also studied from a transcript of the same, the Court is of the opinion that complainant has sustained by the greater weight of the evidence its contention that the proposed drainage system will not drain the land of complainant as fully and effectually as the present open ditch.

A decree may be entered enjoining respondent from proceeding with the present proposed system.

Sheffield & Harvey, for the complainant.

Frank F. Nolan, for the respondent.